UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE


BLAKE O'BRYAN SWANN           )
                              )
v.                            )          NO. 2:08-CV-105
                              )          *Greer/Inman*
JASON GOUGE, MICHAEL MARTIN,  )
and WASHINGTON COUNTY DET. CTR. )


### MEMORANDUM and ORDER


Proceeding *pro se*, Blake O'Bryan Swann, a prisoner in the Washington

County Detention Center (hereinafter "WCDC"), has filed this civil rights complaint

for injunctive relief under 42 U.S.C. § 1983.


### I.  The Filing Fee.

Plaintiff's application for leave to proceed *in forma pauperis* is

**GRANTED**, and he is **ASSESSED** the civil filing fee of three hundred and fifty

dollars ($350).  28 U.S.C. § 1914(a);. *McGore v. Wrigglesworth*, 114 F.3d 601, 604

(6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

 The custodian of plaintiff's inmate trust account at the institution where he now

resides shall submit, as an initial partial payment, whichever is the greater of:  (a)

twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).Thereafter, the custodian **SHALL** submit to the Clerk of Court twenty percent (20%) of plaintiff's preceding monthly income credited to his account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's place of confinement to ensure compliance with the assessment procedures outlined herein. All payments should be sent to the <u>Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.</u>

## II. The Screening Procedure.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore*, 114 F.3d at 607. If the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed.

Plaintiff maintains in his complaint that, while he confined in the WCDC, two different inmates assaulted him on two separate occasions. Two days after the first alleged assault, the malfeasant, defendant Jason Gouge, was sent to a federal prison. Plaintiff, who had declined to fight back to avoid being written up and, thereby, being deprived of a job opportunity, was sent to protective custody following the incident and, despite many requests to be released from that unit and despite his attacker's departure from the WCDC, plaintiff remained in protective custody for thirty days.

One day after the second alleged incident of violence, the assailant, defendant Michael Martin, was sent to the Workhouse. To prevent being issued a write-up for a rule infraction, plaintiff had not fought back this time either. Indeed, a guard had grabbed defendant Martin, pulled him off plaintiff, and walked the culprit back to his cell. Even though plaintiff was the victim, he was not permitted to press charges against inmate Martin. And defendant inmate was not written up.

Plaintiff seeks (1) a release from protective custody, (2) a job or ,possibly, work release, and (3) the appointment of counsel to press the issue with a lawsuit against the jail and, possibly, a transfer to the Carter County jail, so he can sleep at night without having to worry about the guards attacking him for filing a lawsuit.

## III. Law & Analysis.

To state a claim under 42 U.S.C. § 1983, plaintiff must show: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States of America and (2) that the deprivation was caused by a person acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Plaintiff has failed to show the second element, that is, that a defendant was acting under color of state law.

There is nothing to suggest that either inmate defendant was acting on behalf of the State in engaging in the claimed violent attacks against plaintiff. "Because § 1983 and the Fourteenth Amendment are directed at the states, the statute supports a claim only when the alleged injury is caused by "state action" and not by a merely private actor, against whom tort remedies may be sought in state court." *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000). Plaintiff has failed to demonstrate that the first and second defendants were state actors. Absent such a demonstration, he fails to state a section 1983 claim.

Also, there is a problem with the third defendant named in the complaint, the WCDC. This defendant is a non-suable entity because it is a building. It, therefore, is not a "person" subject to suit within the meaning of § 1983. *Monell v. Dep't of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Corr.*

*Facility*, 1997 WL 225647, **1 (6th Cir. May 1, 1997).

## IV. Conclusion.

Thus, since plaintiff has no actionable claim against any of these defendants under § 1983, this case will be dismissed for failure to state a claim. Because it is quite clear that plaintiff has not alleged a claim under § 1983, the Court **CERTIFIES** that any appeal taken in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

A separate order will enter dismissing this complaint.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE